IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* SHERRILL, | ) | Civil Case No.: 3:22-cv-0981 |
| | ) | JUDGE CRENSHAW |
| Plaintiff-Relator, | ) | |
| v. | ) | |
| | ) | **UNDER SEAL** |
| CENTENE CORPORATION, LLC, | ) | |
| Defendant. | ) | |

**<u>THE UNITED STATES' NOTICE OF ELECTION TO INTERVENE IN PART AND TO DECLINE TO INTERVENE IN PART AND MOTION TO PARTIALLY UNSEAL</u>**

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3730(b)(2) and (4), the United States respectfully notifies the Court of its decision to intervene in part of this action and to decline to intervene in part of this action. The United States intervenes in that part of the action which alleges that defendant Centene Corporation ("Centene") violated the FCA by submitting or causing the submission of false claims by improperly enrolling beneficiaries in its Medicare Advantage ("MA" or "Part C") plans under a special enrollment period ("SEP") available only to beneficiaries enrolled in or recently disenrolled from a qualified State Pharmaceutical Assistance Program ("SPAP"), when the beneficiaries were not enrolled in an SPAP or otherwise eligible for the SEP. The United States declines to intervene in the remainder of the allegations in the action.

Although the United States declines to intervene in a portion of the action, it respectfully refers the Court to 31 U.S.C. § 3730(b)(1), which allows the relator to maintain the declined portion of the action in the name of the United States; providing, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *Id.* Therefore, the United States requests that, should either the relator or

Centene propose that the part of the action in which the United States has not intervened be dismissed, settled, or otherwise discontinued, the Court solicit the written consent of the United States before ruling or granting its approval.

Furthermore, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in this action, even as to the non-intervened part of this action, be served upon the United States; the United States also requests that all orders issued by the Court be sent to the United States' counsel. The United States reserves its right to order any deposition transcripts and to intervene in the portion of this action in which it is declining to intervene today, for good cause, at a later date. The United States also reserves the right to seek the dismissal of the Relator's action or claim on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4).

In accordance with 31 U.S.C. § 3730(b), the United States respectfully requests that the seal be lifted as to the Relator's Complaint (Docket No. 1), and as to all other contents of the Court file except for the following *in camera* submissions (including any exhibits and/or attachments) supporting the United States' requests for extension of the intervention deadline, partial lifting of the seal, status reports, and mediator reports: Docket Numbers 13, 20, 23, 26, 29, 32, 35, 36, 37, 39, 43, 45, 46, 47, 49, 51, 53, 55, 57, 58, 61, 64, and 66. These submissions should remain sealed because they discuss the content and extent of the United States' non-public investigation including methods and thought process for assessing Relator's allegations and because they include confidential mediator reports. The United States provided those papers under 31 U.S.C. § 3730(b)(3) to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

Finally, the United States respectfully requests that it be given sixty (60) days from the date that the Court partially lifts the seal in this matter to file its complaint in intervention, and that the Relator be given the same sixty (60) days to serve its amended complaint on Centene.

A proposed order accompanies this notice.

Respectfully submitted,

ROBERT E. MCGUIRE
ACTING UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE

By: s/ S. JAE LIM
ELLEN BOWDEN MCINTYRE, BPR 023133
S. JAE LIM, BPR 034764
Assistant United States Attorneys
719 Church Street, Suite 3300
Nashville, TN 37203
Ellen.Bowden2@usdoj.gov
Jae.Lim@usdoj.gov

*Counsel for United States*

Dated: September 12, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, a copy of the foregoing Notice and Motion was filed with the clerk's office. A service copy was served via email and/or regular U.S. mail to the following:

Rachel Geman
Margaret Mattes
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
rgeman@lchb.com
mmattes@lchb.com

Mark Chalos
Lieff, Cabraser, Heimann & Bernstein, LLP
222 Second Avenue South
Suite 1640
Nashville, Tennessee 37201
mchalos@lchb.com

Because this action is under seal pursuant to 31 U.S.C. §§ 3729-3733, as amended, Defendant has not been served with a copy of the foregoing.

s/ S. JAE LIM
S. JAE LIM
Assistant United States Attorney