MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

June 12, 2026

**Via Email (sealedcivilcase@tnmd.uscourts.gov)**
Fred D. Thompson U.S. Courthouse and Federal Building
619 Church Street
Nashville, TN 37203

**Re: *Centene Corporation – June 15, 2026 Hearing***

Dear Judge:

I represent former employees of Centene Corporation ("Centene") R.H. and C.W., and I write respectfully on behalf of myself and Todd Gee and Lisa Ottolini of the Husch Blackwell firm who separately represent former Centene employees R.S., S.H., P.L., C.F., L.C., L.L., and L.B.[1] in advance of the hearing scheduled for June 15, 2026 to request that any order unsealing the relator's complaint and other currently-sealed documents in this matter that may reference our clients by name (collectively, the "Relator Complaint") maintain their names and other identifying information under seal through redaction (to the extent that any of their names or other identifying information appear in the Relator Complaint). Alternatively, to the extent the Court is inclined to unseal the Relator Complaint entirely, we request a temporary continued seal to allow the parties to brief the issue for the Court.

After investigating the relator's allegations against their former employer, including by deposing several of our clients, it appears that the government has determined not to pursue any claims against our clients. However, our clients hold positions with new employers where any public association with the fraud allegations in this case could cause them to lose their jobs and result in lasting damage to their professional reputations and careers. As set forth below, under the circumstances here, the law supports maintaining our clients' names and other identifying information under seal. On December 16, 2025, and June 11, 2026, the undersigned counsel sent the government correspondence explaining the legal bases supporting the request for continued sealing. To date, the government has not provided its final position on this sealing request.

[1] The instant letter refers to our clients by their initials in light of the significant privacy concerns discussed herein. We are willing to provide our clients' full names at the Court's request to facilitate any continued sealing the Court deems appropriate.

Under Federal Rule of Civil Procedure 5.2(e), a court may, upon a showing of good cause, order the redaction of information from filings on the public docket. Good cause may be satisfied "by demonstrating that the 'interests of privacy outweigh the public's right to know.'" *Concerned Pastors for Soc. Action v. Khouri*, No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016); *Id.* at *1 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983)). When, as here, the sealing request involves information that would reveal the identity of a non-party in a circumstance where such revelation could harm the non-party, the non-party's privacy interest in keeping his or her identity under seal weighs heavily in favor of sealing. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("Finally, the point about third parties is often one to take seriously; 'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995))); *see also U.S. ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 221 (D. Mass. 2012) ("The general rule in favor of unsealing is subject to the privacy rights of participants and third parties.").

These principles apply with particular force in False Claims Act ("FCA") cases, where courts have recognized under circumstances akin to those here that non-parties' privacy and reputational concerns outweigh the public's interest in learning the non-parties' names. *See Purcell v. Gilead Sciences*, 415 F. Supp. 3d 569, 577 (E.D. Pa. 2019) (granting request to seal the names of 17 non-party doctors who previously had been named defendants in the relators' complaint); *see also U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (granting defendants' motion to seal a customer list in an FCA action where the list contained "confidential information about innocent third parties" and "an order to seal [was] required to protect innocent third parties").[2]

The *Purcell* decision is particularly instructive. There, the relators initially named 17 physicians as defendants in their amended complaint. 415 F. Supp. 3d at 572. When the relators subsequently filed a second amended complaint dropping those physicians and proceeding only against Gilead, the physicians sought to have their names redacted from the publicly filed version of the earlier pleading. *Id.* After conducting the relevant balancing analysis, the court agreed,

[2] Courts reach the same result in non-FCA contexts as well. *See, e.g.*, *United Biologics LLC v. Amerigroup Tennessee, Inc.*, No. 3:19-CV-180-TRM-DCP, 2023 WL 11991073, at *2 (E.D. Tenn. Aug. 24, 2023) (finding good cause for redaction of non-parties because disclosure "could cause the non-parties to suffer business and reputational harm"); *United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir. 1985) (denying public access to the sealed portion of a bill of particulars because "disclosure would almost certainly result in extremely serious, irreparable, and unfair prejudice to those included in the United States' Attorney's broadly conceptualized list of unindicted co-conspirators"); *cf. Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (ordering unsealing of deposition transcripts upon an application by a local newspaper where the district court "made no findings [to justify the sealing] what[so]ever" and failed to make "any attempt to make the seals narrowly tailored"); *Id.* at 933 (noting that, "Of course, the privacy interests of innocent third parties can be reason enough to seal." (internal quotation marks omitted)).

concluding that the "potential injury to [the] seventeen physicians who are no longer parties" would be significant if their names were disclosed and they became publicly associated with the case. *Id.* at 577. In reaching this conclusion, the court expressly noted the "stigma of government fraud allegations against [the 17 non-party] physicians." *Id.* Accordingly, the court granted the physicians' request that the names of the 17 physicians be redacted from the copy of the amended complaint filed on the docket. *Id.*

Here, our clients' privacy interests outweigh the public's interest in learning their identities. Our clients are no longer employed by Centene, but they all continue to be employed in the healthcare industry—an industry where personal reputation and professional standing are paramount—or in other capacities. Our clients hold positions where any perceived association with fraud-related allegations could cause lasting and irreparable damage to their professional reputations and careers. To the extent the Relator Complaint includes our clients' names or other identifying information, any unsealing would subject them to stigma and prejudice from colleagues, employers, and the broader professional community, notwithstanding the government's decision not to pursue claims against them. In contrast, the public's interest in learning the identities of our clients is minimal at best. They are not parties to the action, and after investigating the relator's allegations, the government appears to have determined not to pursue claims against any of them. Thus, the public would have an extremely weak interest in learning about anything that may have been said about our clients in the Relator Complaint or prior filings.

Accordingly, we respectfully request that the Court maintain a continued seal of our clients' names and any other information that might identify them in any filings that may be unsealed in connection with the June 15, 2026 hearing. This sealing can be accomplished through a variety of means, such as redacting names and/or replacing names with anonymous labels (*e.g.*, "Person A"). Alternatively, we would request the Court maintain a temporary seal of the Relator Complaint to allow the parties to brief the issue. This request is consistent with the Court's authority under Federal Rule of Civil Procedure 5.2(e) and the well-established principle that the privacy interests of innocent third parties warrant protection from disclosure.

We would welcome the opportunity to submit briefing on this issue if the Court would find it beneficial.

Respectfully submitted,

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.

By: */s/ Christopher B. Harwood*
Christopher B. Harwood

565 Fifth Avenue
New York, New York 10017
Tel. 212.856.9600
Fax. 212.856.9494

*Counsel for R.H. and C.W.*

HUSCH BLACKWELL LLP

By: */s/ Todd Gee*
Todd Gee
Lisa Ottolini

1801 Pennsylvania Avenue, NW,
Suite 1000
Washington, DC 20006
Tel. 202.378.9341
Fax. 202.378.2319

*Counsel for R.S., S.H., P.L., C.F., L.C., L.L., and L.B.*

cc: Assistant United States Attorney Wynn Shuford (Wynn.Shuford@usdoj.gov)
Assistant United States Attorney Jae Lim (Jae.Lim@usdoj.gov)